UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>　v.　　　　　　　　　　　　　　)　　CAUSE NO.: 2:16-CR-180-JVB-JEM<br>　　　　　　　　　　　　　　　　)　　　　　　　　　　2:23-CV-188-JVB<br>MICHAEL BROOKS, )<br>　　　　Defendant. ) | |

## **OPINION AND ORDER**

This matter is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 134] filed by Defendant Michael Brooks on June 8, 2023, and on a Motion to Order Adams Notice Through A.E.D.P.A. [DE 154] filed on September 5, 2023. The Government responded to the first motion on July 10, 2023 and the second motion on January 31, 2024. Brooks replied to the first motion on August 28, 2023.

### PROCEDURAL BACKGROUND

Brooks was charged in a two-count superseding indictment with interfering with commerce by threat or violence in violation of 18 U.S.C. §§ 2 and 1951 (Hobbs Act robbery) and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c). The Government requested and was granted a writ of habeas corpus *ad prosequendum* as to Brooks, who was transferred from the Cook County (Illinois) Jail (where he was held pending charges under Illinois state law) to the Lake County (Indiana) Jail. On December 19, 2017, Brooks pled guilty to both federal charges pursuant to a plea agreement. At the July 17, 2018 sentencing, the Court sentenced Brooks to 5 months on the § 1951 charge and 60 months on the § 924(c) charge, to be served consecutively, to be followed by three years of supervised release on each count, to be served concurrently. Custody of Brooks was returned to the Cook County Jail on July 18, 2018.

Judgment was entered July 23, 2018. No appeal followed. Brooks's Illinois case concluded, and he was sentenced to 15 years of imprisonment on the Illinois charges.

### MOTION TO ORDER ADAMS NOTICE THROUGH A.E.D.P.A.

This motion is not a model of clarity. Brooks appears to object to his motion to vacate his sentence being characterized as a motion under 28 U.S.C. § 2255, but Brooks expressly stated in that motion that he "is pursuing his claims through motion under 28 U.S.C. 2255 to vacate, set aside, or correct sentence by a person in federal custody." (2255 Mot. at 2, ECF No. 134).

He also appears to request permission to amend his § 2255 motion to include an argument that Hobbs Act robbery is not a crime of violence. "A district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (May 21, 2002). Brooks notes the one-year statute of limitations for § 2255 motions and notes that he was taken into federal custody on December 30, 2022. Federal custody is unrelated to the statute of limitations, which expires one year after the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The judgment against Brooks became final in 2018. Brooks alleges no governmental action in violation of the Constitution or laws of the United States that impeded his ability to bring his § 2255 motion. The only Supreme Court case Brooks cites is the 2019 case *United States v. Davis*, 588 U.S. 445 (2019). Brooks states that he has "upon due diligence . . . approached this court to

2

make his claims," but declaring that he exercised due diligence does not make it so. None of the § 2255(f) dates occurred even close to being within one year of September 1, 2023 (the postmarked date of the instant motion). The Court will not permit Brooks to amend his § 2255 motion because the amendment would violate the statute of limitations.

Brooks also asks the Court to appoint counsel to him. A § 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, Rule 8(c) of the Rules Governing Section 2255 Proceedings mandates appointment of counsel for indigent prisoners if an evidentiary hearing is required. Additionally, if the interests of justice require, the Court may appoint counsel for "any financially eligible person" who seeks relief under § 2255. *See* 18 U.S.C. § 3006A(a)(2)(B).

As the Court's analysis below will show, no evidentiary hearing is needed to decide Brooks's § 2255 motion. The Court further finds that the interests of justice do not require appointed counsel. Therefore, the Court denies Brooks's request for appointed counsel.

The Court denies all relief requested in the Motion to Order Adams Notice Through A.E.D.P.A.

**MOTION UNDER § 2255**

Title 28 section 2255(a) provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Relief under § 2255 is only appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete

3

miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

Brooks names four grounds on which he believes he should receive relief under § 2255: (1) his counsel was ineffective for not ensuring that the federal sentence would be served concurrently with any sentence imposed on his then-pending state charges, (2) his federal sentence being served consecutively to his state sentence is a miscarriage of justice, (3) the BOP must be made to give "full and fair consideration for concurrent sentence," and (4) Brooks should receive sentencing time credit for the time in which he was in federal custody pursuant to the writ of habeas corpus *ad prosequendum*.

### A. Waiver of Right to Collateral Review

In his plea agreement, Brooks waived his right to seek collateral review on any grounds other than ineffective assistance of counsel. (Plea Agreement § 7.h., ECF No. 49). In general, appellate waivers in plea agreements are enforceable. *See, e.g.*, *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016) (finding a defendant may, in a plea agreement, waive his right to both direct appeal and collateral attack). There are limited exceptions to the general enforceability of appellate waivers, including

> (1) a sentence based on constitutionally impermissible criteria, such as race; (2) a sentence that exceeds the statutory maximum for the defendant's particular crime; (3) deprivation of some minimum of civilized procedure (such as if the parties stipulated to trial by twelve orangutans); and (4) ineffective assistance of counsel in negotiating the plea agreement.

*United States v. Adkins*, 743 F.3d 176, 192-93 (7th Cir. 2014) (internal quotation marks omitted) (quoting *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005)). Brooks does not argue that some defect in his waiver exists such that it should not be enforced. The Court, on its own review, sees no barrier to enforceability and finds that Brooks's waiver is enforceable. The waiver provides

adequate reason to deny § 2255 relief on all of Brooks's grounds except his argument that he received ineffective assistance of counsel.

### B. Ineffective Assistance of Counsel

The remaining ground Brooks raises for § 2255 relief is that his counsel provided ineffective assistance by not moving under United States Sentencing Guideline 5G1.3 to delay sentencing until after the state court criminal case was resolved or by otherwise requesting, negotiating, or ensuring that time served in state custody would count toward Brooks's federal sentence. The Court addresses both the timeliness of this argument and the merits of it and finds the argument fails in both aspects.

1. Timeliness

As mentioned above, the relevant statute provides that petitions under § 2255 must be filed within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The judgment against Brooks became final in 2018. Brooks alleges no governmental action in violation of the Constitution or laws of the United States that impeded his ability to bring his § 2255 motion. Brooks cites no right newly recognized and made retroactive by the Supreme Court.

Brooks does argue that the only documentation he received while in state custody regarding the consecutive nature of his sentences was what he received from the probation department and

5

filed as an exhibit to his motion for order of *nunc pro tunc* designation, and that he first "OFFICIALLY" learned that his federal sentence was not run concurrent to his state court sentence on March 23, 2023.[1] (2255 Mot. at 2, ECF No. 134). Brooks would have the Court find that these matters show that the facts supporting his claim could not have been discovered through due diligence until one year or less from the time he filed his § 2255 motion.

Still, counsel's representation of Brooks was known to him at the time of the sentencing hearing. Brooks was present to know what counsel did and did not argue. Brooks knew that his counsel had not sought to continue the federal sentencing until after the state court case had concluded. Brooks heard the pronouncement of his sentence and thus also knew that the Court had not ordered his sentences to be run concurrently to any prospective sentence ordered on his pending charges in Illinois. Through due diligence, Brooks could have discovered all he needed to pursue this claim well before one year prior to the filing of his § 2255 motion. The Court finds that the ineffective assistance of counsel claim is untimely.

2.   Merits

Even if the Court is incorrect about the argument's untimeliness, the Court would still deny relief under § 2255 because Brooks has not met his burden to show that he received ineffective assistance of counsel.

Supreme Court case *Strickland v. Washington* provides the standard for ineffective assistance of counsel. 466 U.S. 668 (1984). This standard requires that "a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505 (2003). The two parts of the standard are often called the "performance" prong and the "prejudice" prong.

---

[1] The Court notes that the copy of its April 4, 2022 Opinion and Order that was mailed to Brooks was returned as undeliverable. *See* (Docket Entry 118).

An ineffective-assistance claim can work as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).

The performance prong is met if the challenger shows that counsel's representation "fell below an objective standard of reasonableness." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015). The review of an attorney's performance is highly deferential to mitigate hindsight bias, and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington*, 562 U.S. at 104 (internal quotation marks omitted). The *Strickland* analysis "calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind." *Harris v. United States*, 13 F.4th 623, 630 (7th Cir. 2021), *reh'g denied* (Nov. 10, 2021) (quoting *Harrington*, 562 U.S. at 110). The Court "will not presume deficient performance based on a silent record because [the Court] presume[s] counsel made reasonable strategic choices unless the defendant presents evidence rebutting that presumption. *United States v. Traeger*, 289 F.3d 461, 472 (7th Cir. 2002).

The prejudice prong is met if the challenger shows "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 694).

Brooks believes his counsel provided ineffective assistance by not moving under United States Sentencing Guideline 5G1.3 to delay sentencing until after the state court criminal case was resolved and by not otherwise requesting, negotiating, or ensuring that time served in state custody would count toward Brooks's federal sentence.

As to performance, Brooks's argument regarding United States Sentencing Guidelines § 5G1.3(b) does not aid him. That section applies when "a term of imprisonment resulted from another offense that is relevant conduct to the instant offence of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3." U.S.S.G. § 5G1.3(b). Those subsections apply to related "acts and omissions of others" (subsection (a)(1)), actions "that were part of the same course of conduct or common scheme or plan as the offense of conviction" (subsection (a)(2)), and "all harm that resulted from" or "that was the object of" the acts and omissions specified in subsections (a)(1) and (a)(2) (subsection (a)(3). *Id.* § 1B1.3. There is no evidence or argument before the Court that the Illinois state charges are relevant conduct to the conduct of which Brooks has been convicted here. Brooks himself wrote that "[t]he offenses took place in different states at different times." (Rep. at 1, ECF No. 153). Brooks has not shown his counsel to have performed deficiently by not asking the Court to use § 5G1.3(b) in sentencing Brooks.

Brooks contends that counsel could have had the sentencing hearing delayed until the state court charges were resolved. Then, Brooks asserts, when the Court took up the sentencing after the state court case, the Court would have been able to designate the federal sentence as concurrent to the state court sentence. Whether to seek a continuance of the sentencing is a strategic decision. As the Government identified at the sentencing hearing, Brooks's state court charges were serious: armed robbery, aggravated kidnapping with a firearm, aggravated unlawful use of a weapon, and unlawful restraint. (Sentencing Tr. 16:11-14, ECF No. 172); *see also* (Presentence Investigation

Rep. ¶ 41, ECF No. 68 (identifying the 33 counts pending against Brooks in Cook County (Illinois) Circuit Court)). The outcome of those charges (and the effect that outcome would have on arguments made in the federal sentencing process) was uncertain, as was the length of time that resolution of the state court charges would require. Counsel made the strategic choice to not seek a continuance until the state court charges were resolved, and the Court finds counsel's choice to be a reasonable decision and does not find this choice to constitute deficient performance. With the aid of hindsight bias, Brooks now posits that the outcome would have been more favorable to him if he had received his state sentence first, but that is only speculation.

Brooks also asserts his counsel was ineffective for failing to request or negotiate steps to ensure that Brooks's time spent in state custody on a subsequently imposed state sentence would count toward his federal sentence. As the Government identifies, the 60-month sentence on the § 924(c) conviction must run consecutively to "any other term of imprisonment, whether state or federal." *United States v. Maday*, 799 F.3d 776, 779 (7th Cir. 2015) (quoting *United States v. Gonzales*, 520 U.S. 1, 11 (1997)). Thus, regardless of the order in which the federal and state sentences were imposed, the § 924(c) sentence would always have been consecutive to the other sentences. The 5-month sentence for Hobbs Act robbery does not carry the requirement of running consecutively. Still, it is far from certain what the outcome would have been if counsel had made the proposed request for concurrency or what Brooks would have needed to give up in return for a negotiated agreement regarding a concurrent sentence on the Hobbs Act robbery sentence. Speculation does not establish prejudice. *See United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002) ("As we have noted so often, conclusory allegations do not satisfy *Strickland's* prejudice component." (citations omitted)).[2]

---

[2] The Court adds that Brooks's counsel was an active advocate during the sentencing phase of the case. At the sentencing hearing, Brooks's counsel reiterated these arguments of behalf of his client. He argued that there was a

Brooks has not met his burden to show that he is entitled to relief under 28 U.S.C. § 2255, so the Court must deny his motion.

## CERTIFICATE OF APPEALABILITY

Section 102 of the Anti-Terrorism and Effective Death Penalty Act provides that a Certificate of Appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473 (2000). Brooks has not made such a substantial showing, so the Court declines to enter a certificate of appealability.

## CONCLUSION

Based on the above, the Court hereby **DENIES** the Motion to Order Adams Notice Through A.E.D.P.A. [DE 154] and **DENIES** the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 134]. The Court **DECLINES** to enter a certificate of appealability.

SO ORDERED on October 30, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

---

disparity between Brooks's potential sentencing exposure and that of his codefendant (Sentencing Tr. 10:21-11:7, ECF No. 172). This argument had also been set out in the sentencing memorandum with supporting case law. (Sentencing Mem., ECF No. 76). Counsel also highlighted that Brooks had aided the Government in its investigation. *Id.*; (Sentencing Tr. 11:21-12:1, ECF No. 172).